|   |   |
|---|---|
| Tony Nixon, | No. CV-15-00277-TUC-CKJ (CRP) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| William Stiness, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Plaintiff, proceeding pro se, has filed a Complaint that originally named as Defendants William Stiness, Daniel Guzman, Henry Lopez, Tony Rowe, John S. Leonardo, Ricardo Novoa, and Brian R. Decker. (Doc. 1-4).[1] A Notice of Substitution was filed substituting the United States of America as Defendant in place of the individual Defendants. (Doc. 3).

Defendant United States ("Defendant") has filed a Motion to Dismiss (Doc. 4, Motion). Plaintiff has filed a "Motion Against Defendant's Motion to Dismiss Claim"

---

[1] Defendant John S. Leonardo is the United States Attorney, District of Arizona. Defendant Brian R. Decker is an Assistant United States Attorney. (Doc. 1 at 2; Doc. 3 at 2). The other individual Defendants are Border Patrol Agents. (*Id.*). Plaintiff commenced this action in the Superior Court of Santa Cruz County, Arizona and the case was removed by the United States. (Doc. 1).

1  construed as a Response (Doc. 14), Defendant has filed a Reply in Support of United States'
2  Motion to Dismiss (Doc. 15), Plaintiff has filed another "Motion Against Defendant's
3  Motion to Dismiss Claim" which is construed as a Supplemental Response (Doc. 16) and
4  Defendant United States has filed a Surreply. (Doc. 22).

5        This case has been referred to the Magistrate Judge for a Report and
6  Recommendation. (Doc. 12, Order). On February 11, 2016, the Magistrate Judge heard oral
7  argument on Defendant's Motion to Dismiss. (Doc. 35). For the reasons that follow, the
8  Magistrate Judge recommends that the Motion to Dismiss (Doc. 4) filed by Defendant United
9  States should be granted and the Complaint dismissed.

10 **Plaintiff's Complaint**

11       Plaintiff has filed a Complaint seeking money damages as a result of alleged unlawful
12 actions involving his arrest and prosecution that appear to be related to the criminal case
13 *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB.  (Doc. 1-4 at 38,
14 Attachment ["Motion to Suppress Material Witness Statements" showing the case caption
15 *United States v. Tony Nixon*, Case No. CR-14-00668]). Plaintiff alleges in the Complaint
16 that on March 10, 2014, he drove to Arivaca, Arizona to pick up a young man at the request
17 of a family member. The young man allegedly asked Plaintiff to pick up his "two friends"
18 and Plaintiff was stopped by Border Patrol agents. Plaintiff alleges that an agent drove
19 Plaintiff's vehicle to the border patrol checkpoint and Plaintiff was told he was under arrest.
20 Plaintiff has asserted numerous claims that include pain and suffering, false incarceration,
21 loss of family life and personal property, perjury, harassment, racial profiling, theft of money
22 and property, and wrongful indictment.

23 **Standards of Review**

24       Defendant United States moves to dismiss the Complaint under Rules 12(b)(1) and
25 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4, Motion at 1). A motion to dismiss
26 under Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses the court's subject
27 matter jurisdiction. "It is to be presumed that a cause of action lies outside this limited
28 jurisdiction," and the burden of establishing that jurisdiction exists rests upon the party

asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] plaintiff's complaint must have sufficient facts 'to state a facially plausible claim to relief.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). That is, a "plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus VPC, LLC. v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations asserted in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal can be based on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force*, 646 F.3d at 1241-42. The allegations of a pro se plaintiff are liberally construed. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

**The Parties' Arguments**

Defendant United States asserts three grounds for dismissal of the Complaint. Defendant contends that Plaintiff's tort claims should be dismissed because Plaintiff has not demonstrated a waiver of sovereign immunity and Plaintiff has not alleged or shown that he exhausted administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (Doc. 4, Motion at 4-5). Defendant next contends that all of Plaintiff's claims are barred based on *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 4, Motion at 6-7). Defendant last argues that the Complaint should be dismissed as to U.S. Attorney Leonardo and AUSA Decker because claims asserted against them in their individual capacity are barred by the doctrine of absolute prosecutorial immunity. (*Id*. at 7-9). Defendant United States requests that the Court take judicial notice of the pleadings filed in *United States v.*

*Tony Nixon*, Case No. CR-14-00668-TUC-DCB (D. Ariz.), in resolving these issues. (*Id*. at 2, n.3).

**Dismissal of Claims Based on the FTCA**

"[T]he United States may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The FTCA grants the federal court jurisdiction to hear claims for certain torts allegedly caused by the negligent or wrongful act or omission of any federal employee acting within the scope of his office or employment. 28 U.S.C. § 1346(b). To fall within the waiver of sovereign immunity for state tort claims pursuant to the FTCA, the plaintiff must exhaust administrative remedies prior to filing suit, meaning that the plaintiff must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). This requirement is a "threshold jurisdictional requirement" and failure to comply results in an absolute bar to suit in the federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures established under the [FTCA] is a prerequisite to district court jurisdiction"). *See also*, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). The time limitations under 28 U.S.C. § 2401(b) by which an administrative claim must be filed are non-jurisdictional and subject to equitable tolling. *United States v. Wong*, 135 S.Ct. 1625, 1638 (2015).

In support of its Motion to Dismiss, Defendant has submitted the Declaration of Brandon Brokaw, Deputy Administrative Officer in the United States Attorney's Office, District of Arizona, who states in the June 16, 2015 Declaration that an examination of records indicated that Plaintiff has not filed an administrative claim. (Doc. 4-1, Ex. 1). Defendant also has submitted the Declaration of Brian McBride, Acting Deputy Assistant Chief Counsel with the U.S. Customs and Border Protection Agency, who states in his June

1 18, 2015 Declaration that an examination of records indicated that Plaintiff has not filed an
2 administrative claim. (Doc. 4-2, Ex. 2).

3 In his first Response, Plaintiff contends that he filed administrative remedies with the
4 Border Patrol but he was not told about filing a separate administrative claim as to AUSA
5 Decker. (Doc. 14). In response to this argument, Defendant submitted the August 28, 2015
6 Declaration of Elaine O'Hara, Deputy Assistant Chief Counsel with the U.S. Customs and
7 Border Protection Agency, who states that an examination of records indicates that no
8 administrative claim has been filed by or on behalf of Tony Nixon. (Doc. 15-1).

9 Plaintiff reasserted his argument in his Supplemental Response and submitted copies
10 of a Claim for Damage, Injury, or Death (Standard Form 95), dated August 30, 2015, signed
11 by Tony Nixon, and which show the forms were allegedly sent to the U.S. Department of
12 Justice, United States Attorney, and to the Border Patrol agency. (Doc. 16). In his recently
13 filed "Motion to Dismiss Defendant's Motion," Plaintiff contends that in 2014 he filed
14 administration paperwork with the Border Patrol agency and he has a copy of the receipt and
15 paperwork. (Doc. 27 at 2). Plaintiff contends that he could not file two "administration"
16 claims because the Border Patrol agency stated on the application that he had to make a
17 choice. (*Id*. at 2-3). Plaintiff additionally contends that the prosecutor wrongfully seized his
18 vehicle and that his former defense attorney was assisting the prosecutor in violating
19 Plaintiff's rights. (*Id*. at 4-5). Defendant argues that the administrative forms Plaintiff has
20 submitted are not sufficient to waive sovereign immunity because they are dated after the
21 lawsuit was filed and because Plaintiff has not demonstrated that the appropriate federal
22 agencies actually received the forms. (Doc. 22). Defendant points out that the previously
23 submitted Declarations confirm that the Border Patrol has not received a claim form from
24 Plaintiff and therefore Plaintiff has not satisfied his burden of demonstrating that sovereign
25 immunity has been waived. (Doc. 29 at 5).

26 During the oral argument hearing, Plaintiff clarified that the administrative paperwork
27 he filed in 2014 with the Border Patrol agency concerns the seizure and forfeiture of his
28

vehicle. Plaintiff said he had not known about filing an administrative claim form regarding the allegations asserted in the Complaint.

The FTCA bars a claimant from bringing suit in federal court unless the claimant has filed an administrative claim with the appropriate federal agency and either obtained a written denial of the claim or waited six months with no disposition of the claim. *See* 28 U.S.C. § 2675(a). A plaintiff's failure to comply with this requirement is a jurisdictional defect that cannot be cured by administrative exhaustion after a lawsuit has been filed. *McNeil*, 508 U.S. at 112. A prematurely filed FTCA lawsuit "cannot become timely by the passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Davis v. United States*, 944 F. Supp. 2d 36, 39-40 (D.D.C. 2013). Here, the administrative claim forms Plaintiff has submitted are dated August 30, 2015 which is after the lawsuit was filed.

The court must dismiss a complaint that fails to allege that any administrative claim was filed. *McNeil*, 508 U.S. at 111-13. However, the action may be refiled if and when the plaintiff can fully satisfy the FTCA's exhaustion requirement. *See Cureton v. United States Marshal Service*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004); *Robinson v. United States*, Civil Action No. 3:13-CV-1106, 2014 WL 2940454 (M.D. Pa. June 30, 2014).

**Application of *Heck v. Humphrey***

Plaintiff appears to assert in the Complaint allegations claiming unlawful arrest and prosecution. He has attached to his Complaint an unfiled "Motion to Suppress Material Witness Statements" that shows the case caption as *United States v. Tony Nixon*, Case No. CR-14-00668. (Doc. 1-4 at 38). "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Rule 10(c), Federal Rules of Civil Procedure.

The Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001). The Court therefore may take judicial notice of the pleadings and documents filed in *United States v. Tony Nixon*, Case No. CR-14-00668-TUC-DCB

1  (District of Arizona). The docket in this criminal case shows that Plaintiff was indicted on
2  April 9, 2014 on charges of transporting illegal aliens for profit, that he was found guilty of
3  the charges after a bench trial on February 26, 2015, and that on September 14, 2015, he was
4  sentenced to 18 months in prison. (*See* Doc. 27, 113, 158 in Case No. CR-14-00668-TUC-
5  DCB). The docket shows that Plaintiff filed a notice of appeal on September 15, 2015. (*See*
6  Doc. 159, Case No. CR-14-00668-TUC-DCB). AUSA Decker served as the prosecutor in
7  the case.

8  Plaintiff's Complaint is premature because his conviction has not been reversed,
9  expunged, or otherwise invalidated. The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 487-88 (emphasis in original) (footnote omitted). The rationale of *Heck* has been extended to cases brought under the FTCA or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (*Bivens*).

To the extent that Plaintiff seeks damages for actions undertaken by government officials that allegedly resulted in his unlawful arrest, imprisonment, prosecution and conviction, no cause of action for damages has yet accrued based on *Heck*. The claims based on the FTCA do not accrue until the plaintiff has successfully challenged his conviction in a direct or collateral attack. *See Erlin,* 364 F.3d at 1130-34. Plaintiff's claims must be dismissed at this stage of the proceedings.

**Doctrine of Absolute Prosecutorial Immunity**

In determining whether the actions of government officials come within the scope of absolute immunity, courts consider the "nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Under this

1 approach, absolute immunity extends to the conduct of prosecutors that is "intimately
2 associated with the judicial phase of the criminal process." *Id*. at 270 (citing *Imbler v.*
3 *Pachtman*, 424 U.S. 409, 430 (1976)). Actions found to be "intimately associated" with
4 criminal judicial proceedings include initiating a prosecution and presenting the State's case,
5 including out-of-court efforts by the prosecutor to control the presentation of his witness'
6 testimony, *Imbler*, 424 U.S., at 430, n.32; the gathering of evidence to present to the trier of
7 fact, *Broam v. Bogan*, 320 F.3d 1023, 1033 (9th Cir. 2003); and the gathering of evidence
8 after indictment to prepare the prosecutor for trial, *KRL v. Moore*, 384 F.3d 1105, 1113 (9th
9 Cir. 2004). Prosecutorial immunity may appropriately be asserted as a defense in cases
10 where the United States has been substituted as the defendant. *See Buck v. Stewart*, No. 07-
11 cv-774-SPF, 2008 WL 901716, at *3-4 (D. Utah Mar. 31, 2008) (citing *Doe v. United States*,
12 829 F. Supp. 59, 60-61 (S.D.N.Y. 1993)).

13 Plaintiff mentions AUSA Decker and United States Attorney Leonardo regarding his
14 request for money damages without asserting any specific allegation against them. (Doc. 4-
15 1, Compl. at 33). The "Motion to Suppress Material Witness Statements" related to *United*
16 *States v. Tony Nixon*, Case No. CR-14-00668 refers to AUSA Decker's actions in
17 interviewing witnesses for trial. During the oral argument hearing, Plaintiff argued that when
18 a prosecutor acts unlawfully, it is unfair to apply the doctrine of absolute immunity. Plaintiff
19 contends that the prosecutor went beyond his duties and he should not be granted immunity.
20 The Court has carefully considered Plaintiff's argument. Plaintiff's criminal case is on
21 appeal and there has been no determination that the prosecutor acted unlawfully.

22 To the extent that Plaintiff has asserted any claim regarding actions taken by U.S.
23 Attorney Leonardo and AUSA Decker, the claims arise out of their actions in indicting and
24 prosecuting Plaintiff's criminal case. Such actions are "intimately associated with the
25 judicial phase of the criminal process" and any claims asserted against them are barred by
26 absolute immunity.

27 //
28 //

**Recommendation**

For the foregoing reasons, the Magistrate Judge recommends that the District Court after its independent review:

(1) grant Defendant United States' Motion to Dismiss (Doc. 4); and

(2) dismiss the Complaint.

Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure and LRCiv 7.2(e) of the Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **Ten (10) Days** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **Ten (10) Days** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV-15-00277-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 16th day of February, 2016.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE