IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Nixon,<br><br>     Plaintiff,<br><br>v.<br><br>William Stiness, et al.,<br><br>     Defendants. | No. CV-15-0277-TUC-CKJ<br><br>**ORDER** |

Plaintiff brought this civil rights action in the Superior Court of Santa Cruz County, Arizona, and on June 26, 2015, it was removed by the United States.[1] (Doc. 1.) The Complaint is confusing; it appears to seek money damages as a result of alleged unlawful actions involving his arrest and prosecution related to the criminal case *United States v. Tony Nixon*, CR-14-00668-TUC-DCB.[2] (Doc. 1-4 at 38, Attach. (CR-14-00668, Doc. 63, "Motion to Suppress Material Witness Statements").) In that criminal case, Plaintiff was convicted of transporting illegal aliens for profit. Plaintiff alleges in the Complaint that on March 10, 2014, he drove to Arivaca, Arizona to pick up a young man

---

[1] A Notice of Substitution was filed substituting the United States of America as Defendant in place of the individual Defendants. (Doc. 3). John S. Leonardo is the United States Attorney, District of Arizona, and Defendant Brian R. Decker is the Assistant United States Attorney (AUSA) who handled Plaintiff's criminal case on behalf of the United States. The other individual Defendants are Border Patrol Agents.

[2] The Complaint was not screened to determine if it states a claim. *See* 28 U.S.C. § 1915A.

at the request of a family member. The young man allegedly asked Plaintiff to pick up his "two friends" and Plaintiff was stopped by Border Patrol agents. Plaintiff alleges that an agent drove Plaintiff's vehicle to the border patrol checkpoint and Plaintiff was told he was under arrest.  The document attached to the Complaint is a Motion to Suppress Material Witness Statements in the criminal case.  (CR-14-00668, Doc. 63.)

The Government filed a Motion to Dismiss on June 29, 2015.[3] (Doc. 4.)  Plaintiff filed a "Motion Against Defendant's Motion to Dismiss Claim" construed as a Response (Doc. 14), Defendant filed a Reply in Support of United States' Motion to Dismiss (Doc. 15), Plaintiff filed another "Motion Against Defendant's Motion to Dismiss Claim," construed as a Supplemental Response (Doc. 16) and Defendant United States filed a Surreply (Doc. 22). This case was referred to Magistrate Judge Charles R. Pyle.  (Doc. 12.)

On February 11, 2016, the Magistrate Judge heard oral argument on Defendant's Motion to Dismiss. (Doc. 35). On February 16, 2016, the Magistrate Judge issued a Report and Recommendation (R & R) recommending that the Motion be granted. (Doc. 37.)  The R & R gave the parties 10 days to file written objections. (Id. at 9.)  On February 23, 2016, Plaintiff filed a "Motion for Another Conference Hearing on Understand and Clarification of Static Conference Hearing on Evident."[4] (Doc. 38.)  On March 1, 2016, Plaintiff filed a Motion to Amend the Complaint.  (Doc. 39.)

The Court has reviewed the Complaint, the Motion to Dismiss (Doc. 4), Plaintiff's "Motion Against Defendant's Motion to Dismiss Claim" construed as a Response (Doc. 14), Defendant's Reply in Support of United States' Motion to Dismiss (Doc. 15),

---

[3] A notice advising Plaintiff of his obligation to respond to the Motion to Dismiss was provided.  (Doc. 5.)

[4] For the reasons discussed herein, the Court will deny the request for the hearing. Moreover, even if the Court were to construe the Motion as Plaintiff's objections to the R & R, Plaintiff does not provide any additional facts to support his arguments or indicate which facts contained in the R & R are incorrect.

Plaintiff's second "Motion Against Defendant's Motion to Dismiss Claim," construed as a Supplemental Response (Doc. 16), and Defendant's Surreply (Doc. 22), the R & R, Plaintiff's "Motion for Another Conference Hearing on Understand and Clarification of Static Conference Hearing on Evident." (Doc. 38.), and Defendant's response (Doc. 40).

The Court will adopt the R & R, grant the Motion to Dismiss, deny the Motion to Amend the Complaint, and terminate the action.

**II.     Legal Standard**

The Court reviews de novo the objected-to portions of the R & R.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to portions of the R & R.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

**III.    Discussion**

Defendant United States asserts three grounds for dismissal of the Complaint: (1) Plaintiff has not demonstrated a waiver of sovereign immunity and Plaintiff has not alleged or shown that he exhausted administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a); (2) all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) U.S. Attorney Leonardo and AUSA Decker are entitled to absolute prosecutorial immunity; thus, the claims asserted against them in their individual capacity are barred.

The R & R finds that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit, that the claims are barred by *Heck*, and that Defendants Leonardo and Decker are entitled to absolute immunity.  (Doc. 37.)  In his motion, Plaintiff seeks clarification whether he filed his civil law suits[5] before filing his administrative claim

---

[5] Plaintiff has other cases pending in this Court: *Nixon v. Francis,* 15 CV-0247-JGZ (CRP), and *Nixon v. Mccqueen*, 15 CV-0417-BGM.  Hearings before the Magistrate Judge on November 19, 2015 and February 11, 2016, in the instant case were combined with hearings in *Nixon v. Francis,* 15 CV-0247-JGZ (CRP).  (*See* 15-0277-CKJ-CRP, Docs. 20, 35; 15 CV-0247-JGZ (CRP), Docs. 35, 50.)  Both of those cases involve claims arising from the events leading to Plaintiff's conviction in the criminal case.

form and appears to argue that even if filed in the wrong order, it was filed within the time frame and the cases can be accepted or refiled. (Doc. 38 at 2.)  He notes that he has been found guilty in his criminal case and there is an appeal pending. (*Id.* at 2-3.)  He asks if he can file the civil lawsuits without waiting for the overturning of the criminal cases.  He argues that Brian Decker and Plaintiff's former attorney Tyler D. Francis "cannot use immunity they was not acting within the law." (*Id.* at 3-4.) Plaintiff asserts that Decker was required to contact Plaintiff's former attorney Francis when Decker took a new statement from the material witnesses.  According to Plaintiff, Decker cannot get immunity from a violation of federal law and the Border Patrol agents cannot get immunity.

### A.   FTCA and exhaustion of administrative remedies

The R & R ruled against Plaintiff on this defense because the administrative claim forms Plaintiff submitted are dated August 30, 2015 which is after the lawsuit was filed and a prematurely filed FTCA "lawsuit cannot become timely by the passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Davis v. United States*, 944 F. Supp. 2d 36, 39-40 (D.D.C. 2013).

In his objections, Plaintiff seeks clarification whether he filed his civil lawsuits before filing administrative claim forms and appears to argue that even if filed in the wrong order, it was filed within the time frame and the cases can be accepted or refiled. (Doc. 38 at 2.)

The Court finds that the Magistrate Judge correctly ruled that Plaintiff cannot cure the untimely filing of the administrative claim form for purposes of this lawsuit; that is, this lawsuit must be dismissed because Plaintiff did not exhaust his administrative remedies before the lawsuit was commenced.  But as the Magistrate Judge observed, "the action may be refiled if and when the plaintiff can fully satisfy the FTCA's exhaustion requirement." (Doc. 37 at 6, citing *Cureton v. United States Marshal Service*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004); *Robinson v. United States*, 2014 WL 2940454 (M.D. Pa. June 30, 2014).)

**B.     *Heck* bar**

The R & R notes that the Complaint appears to assert unlawful arrest and prosecution. As noted a "Motion to Suppress Material Witness Statements" is attached to the Complaint and shows the case caption as *United States v. Tony Nixon*, CR-14-00668.[6] (Doc. 1-4 at 38). As the R & R observes, the docket in this criminal case shows that Plaintiff was indicted on April 9, 2014 on charges of transporting illegal aliens for profit, that he was found guilty of the charges after a bench trial on February 26, 2015, and that on September 14, 2015, he was sentenced to 18 months in prison. (*See* CR-14-00668-TUC-DCB, Doc. 27, 113, 158.) Plaintiff filed a notice of appeal on September 15, 2015. (*See id*. Doc. 159.) AUSA Decker was the prosecutor in the case.

The R & R finds that the Complaint is premature because the conviction has not been reversed, expunged, or otherwise invalidated.  (Doc. 37 at 7, citing *Heck*, 512 U.S. at 487-88). The rationale of *Heck* has been extended to cases brought under the FTCA or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (*Bivens*).  Plaintiff does not object, and the Court finds no clear error.

---

[6] The transcript of the final day of the bench trial shows that the evidence was undisputed that Plaintiff was stopped near the border driving his own car with three passengers, two of whom were undocumented persons.  The conviction demonstrates probable cause for the arrest. (CR-14-00668, Doc. 140); *see Cabrera v. City of Huntington Park*, 159 F3d 374 (9th Cir. 1998). As noted, the Motion to Suppress related to material witness statements in the criminal case.  (*Id.* Doc. 63.)  Magistrate Judge Leslie A. Bowman issued a Report and Recommendation on November 10, 2014 recommending that the Court deny the Motion to Suppress.  (CR-14-00668, Doc. 81.)  On January 15, 2016, Judge Jorgenson adopted the Report and Recommendation and denied the Motion to Suppress. (*Id.* Doc. 95.)  Later, the Court granted a *motion in limine* to admit the material witness video depositions, and the material witness depositions are included in the government's witness list. (Docs. 110, 114.)  Witness Andrade-Queveda testified by video deposition the first day of trial.  (Doc. 138 at 86.) Thus, success on Plaintiff's § 1983 claims would <u>necessarily</u> invalidate the conviction. *See Heck*, 512 U.S. at 486.

Plaintiff notes that he has been found guilty in his criminal cases and there is an appeal pending. He asks if he can file the civil lawsuit cases without waiting for the overturning of the criminal cases. As the Magistrate Judge said in the R & R, to the extent that Plaintiff seeks damages for actions undertaken by government officials that allegedly resulted in his unlawful arrest, imprisonment, prosecution and conviction, no cause of action for damages has yet accrued based on *Heck.* The FTCA claims do not accrue until Plaintiff has successfully challenged his conviction in a direct or collateral attack. *See Erlin,* 364 F.3d at 1130-34. In other words, Plaintiff does not yet have claims for unlawful arrest and prosecution, and if he files his lawsuit before his criminal conviction is invalidated, the new civil lawsuit is likely to be dismissed as barred by *Heck*.

### C. Immunity of Leonardo and Decker

The R & R notes that the Complaint mentions AUSA Decker and United States Attorney Leonardo regarding Plaintiff's request for money damages without asserting any specific allegation against them or conduct by them. (Doc. 4-1, Compl. at 33). The "Motion to Suppress Material Witness Statements" attached to the Complaint related to *United States v. Tony Nixon*, Case No. CR-14-00668 and refers to AUSA Decker's actions in interviewing witnesses for trial. The R & R concludes that "[t]o the extent that Plaintiff has asserted any claim regarding actions taken by U.S. Attorney Leonardo and AUSA Decker, the claims arise out of their actions in indicting and prosecuting Plaintiff's criminal case. Such actions are 'intimately associated with the judicial phase of the criminal process'" and any claims asserted against them in the Complaint are barred by absolute immunity. (Doc. 37 at 8, citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).)

In his Motion, Plaintiff argues that Brian Decker and former attorney Tyler D. Francis[7] "cannot use immunity they was not acting within the law." He attaches to his objections the transcript from the Motion to Suppress.

---

[7] Tyler Francis is not a Defendant in the instant lawsuit; he is a Defendant in *Nixon*

First, the Magistrate Judge's recommendation on the immunity issue does not relate to either the Border Patrol agents or Francis, who is not a defendant in this case. Plaintiff does not like the application of the doctrine of absolute immunity but that is not a ground for an objection. The Magistrate Judge observed that Plaintiff's criminal case is on appeal and there has been no determination that the prosecutor acted unlawfully. The Court finds no error.

## IV.  Motion to Amend the Complaint

The Court has reviewed the proposed First Amended Complaint (FAC). It is rambling and asserts the same claims arising out of the arrest and prosecution of the same criminal case and names the same Defendants as in the original complaint. The Court has found that the claims are barred by *Heck* until the conviction is reversed, expunged, or otherwise invalidated. The Motion is denied and leave to amend is futile because Plaintiff cannot show at this time that his conviction is reversed, expunged, or otherwise invalidated.

**IT IS ORDERED:**

(1) Plaintiff's "Motion for Another Conference Hearing on Understand and Clarification of Static Conference Hearing on Evident" (Doc. 38) is denied.

(2) The R & R (Doc 37) is adopted.

(3) Defendant's Motion to Dismiss (Doc. 4) is granted.

(4) Plaintiff's Motion to Amend the Complaint (Doc. 39) is denied.

(5) The action is terminated with prejudice as to the claims against Leonardo and Decker discussed in the R & R and without prejudice on all other claims. The Clerk of Court must enter judgment accordingly.

///

///

///

///

---

*v. Francis,* 15 CV-0247-JGZ (CRP).

- 7 -

(6)     The Clerk of Court is directed to accept no further filings in this matter except in connection with an appeal.

Dated this 9th day of March, 2016.

_____
Cindy K. Jorgenson
United States District Judge